| | |
|---|---|
| CATHERINE O'CONNELL, and husband, DENNIS O'CONNELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:19-cv-00059 ) |
| WALMART STORES EAST, LP, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Cart corrals for the return of empty shopping cars are ubiquitous in the parking lots of most major retailers. Around noon on November 5, 2018, Catherine O'Connell was exiting such a corral in the parking lot of a Walmart store in Smithfield, Tennessee when she tripped and fell, striking her head on the ground. She went to the local emergency room, and was airlifted to Vanderbilt Medical Center to address a tear in one of her eyes. She ultimately had to have the eye surgically removed.

As a result of these events, Catherine and her husband, Dennis O'Connell, sued Walmart Stores East, LLP for premises liability. Walmart now moves for summary judgment. (Doc. No. 26).

### I.

Premises liability is a subspecies of a negligence claim. To prevail on a negligence claim, a plaintiff must establish "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause." Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 355 (Tenn. 2008).

"'Liability in premises liability cases stems from superior knowledge of the condition of the premises.'" Blair v. W. Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004) (quoting McCormick v.

Waters, 594 S.W.2d 385, 387 (Tenn. 1980)). "In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Id. (citing Martin v. Washmaster Auto Center, U.S.A., 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)).

"Whether the defendant's negligence actually caused the particular injury complained of is generally a question of fact to be determined by the factfinder." McMurry v. Metro. Gov't of Nashville, 2003 WL 535918, at *8 (Tenn. Ct. App. Feb. 26, 2003). Therefore, "[i]t is well settled that it is the rare negligence case that can be resolved by summary judgment." Reidinger v. Trans World Airlines, Inc., 463 F.2d 1017, 1021 (6th Cir. 1972).

**II.**

This is not the rare negligence case where summary judgment is appropriate. Indeed, Walmart relies upon three faulty (or potentially faulty) premises in seeking summary judgment on Plaintiffs' premises liability claim.

The first false premise is that the bar connecting the sides of the corral was flat and flush with the surrounding surface. Walmart argues: "It is undisputed that the flat metal bar positioned flush with the pavement was not a dangerous condition, [and] there is no evidence in the record that the flat metal bar was not flush with the pavement." (Doc. No. 27 at 6). But there is.

Walmart's own pictures show that the entire cart corral unit was placed *on top* of the pavement. (See Doc. No. 26-1 at 1-5). The bar itself may have been flat in the sense that it was not

2

curved or warped, and also in the sense that it was flat *on* the pavement. It was not, however, flat or flush *with* the pavement. Instead, by being placed on top of the parking lot surface, the cross-bar created a lip, which a jury could view as a tripping hazard of which Walmart should have been aware. This is all the more so because, as those same pictures show, the cross-bar was dull silver in color and tended to blend into the grayish pavement. (See id.). It was not painted or marked with a distinguishing color or colors, such as orange or red, or with yellow and black diagonal stripes that are intended to show the need for caution.

A second potentially false premise flows from the first, which is Plaintiffs cannot prove that the bar attaching the sides of the corral either caused Catherine's fall or was unsafe. For this, Walmart relies on Catherine's deposition testimony.

In its reply, Walmart states: "Plaintiff Catherine O'Connell testified that the cart corral bar was a 'flat bar' and the bar was 'safe' to the extent that it was positioned flat against the pavement and not raised off of the ground." (Doc. No. 39 at 6). To accept this highly redacted summary of Catherine's deposition testimony, the Court would have to ignore the rules governing summary judgment that require all facts and the reasonable inferences to be drawn therefrom be construed in favor of the nonmovant. Moran v. Al Basit LLC, 788 F.3d 201, 206 (6th Cir. 2015); Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir.2000). This, the Court cannot and will not do. Instead, the Court considers Catherine's testimony in context:

> Q. What had you been doing that day before the accident?
>
> A. Before the accident, we were in Walmart shopping. . . . Some cart corrals have a division for big carts and then the smaller. This did not have a division, so it was kind of jumbled up. Anyway, I just – after I fixed my cart in there, I turned around to go back to the car and I tripped on the bar. I didn't know it was a bar at the time. But from the pictures and where I fell, it was definitely a bar.

3

Case 2:19-cv-00059 Document 41 Filed 02/22/21 Page 3 of 7 PageID #: 270

Q. All right. When you say you didn't know it was the bar at the time, was that just because you just tripped and you didn't know what you had tripped on?

A. My foot caught on something, all I know, and I didn't really know what it was. I never turned back to look and see what it was.

\* \* \*

Q. And do you recall which foot is the one that caught on the –

A. No.

Q. – when you tripped? And you said you tripped on a metal bar – or a bar. Could you describe the bar for me?

A. It's just a flat bar that holds the two sides of the corral together on the pavement.

Q. Is that made out of metal?

A. Yes.

Q. Could you tell me what it looks like? Like is it just shiny metal or is it black or what color?

A. Just gray. It wasn't shiny. It looked like an old rail.

Q. Was there anything unusual about the bar that you noticed?

A. I didn't notice it. Because after I fell, then I probably had my eyes closed. I certainly didn't look back.

Q. Are you sure the bar is what caused you to fall?

A. Yes.

Q. How are you sure?

A. Because it grabbed my foot. My foot was stopped. I could not move my foot.

Q. But you said at the time that you didn't know you had tripped on the bar, right?

A. I didn't know what it was. All I know is something stopped my foot.

(Doc. No. 26-2, Catherine O'Connell Depo. at 89, 91-94).

4

Catherine's unedited testimony alone is enough to create a question of fact. See Moran, 788 F.3d at 201 ("On summary judgment, all reasonable inferences must be made in favor of the non-moving party and, as we have held in the past, a plaintiff's testimony alone may be sufficient to create a genuine issue of material fact thereby defeating a defendant's motion for summary judgment."); Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017) (noting that a party's own testimony "must be credited" at summary judgment "unless it is legally defective"); Strickland v. Norfolk S. Ry. Co., 692 F.3d 1151, 1160 (11th Cir. 2012) (stating that "even in the absence of collaborative evidence, plaintiff's own testimony may be sufficient to withstand summary judgment" in a case alleging negligence). Besides, a videotape captured the fall which, though blurry and not entirely clear as to what exactly precipitated the trip, seemingly corroborates Catherine's testimony that she fell when exiting the corral at the location of the cross-bar.

This case is entirely different from Lurks v. City of Newbern, No. W201601532COAR3CV, 2017 WL 384429, at *1 (Tenn. Ct. App. Jan. 26, 2017) on which Walmart relies, even leaving aside that Lurks was decided in the contest of a bench trial and not on the summary judgment papers. There, plaintiff brought a premises liability action against the city after she fell on a poorly-maintained sidewalk. However, "she did not know what caused her to fall or whether her foot hit anything that caused her to fall." Id. at *1. Here, Catherine is "sure" that the cross-bar caused her fall because it "stopped" or "grabbed" her foot.

The very same testimony makes Walmart's reliance on Cartee v. Morris, No. M201802272COAR9CV, 2019 WL 4234936, at *2 (Tenn. Ct. App. Sept. 6, 2019) equally misplaced. There, plaintiff fell down a staircase and brought a premises liability action against the building's owner, claiming that a dog gate at the top of the stairs caused his fall. The problem was

5

that plaintiff was rendered unconscious for two days after the fall and could not recall it. While he thought that two women present in the building "probably told him that he tripped over the dog gate, both women testified that they did not witness the accident." Id. at *2. This case suffers from no such equivocal testimony or the absence of any proof.

The third false premise requires that one of the first two premises actually be true. That is, Walmart claims that Catherine is entirely responsible for the accident, and, therefore, under Tennessee's modified comparative fault scheme, see, McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992), it cannot be held liable. However, just as with the question of negligence generally, "allocating fault is essentially a fact question," Henley v. Amacher, No. M199902799COAR3CV, 2002 WL 100402, at *7 & n.1 (Tenn. Ct. App. Jan. 28, 2002) (collecting cases), best left to the jury unless "the proof is so clear that reasonable minds could not disagree." Wilson v. TMBC, LLC, No. W2013-01907-COA-R3CV, 2014 WL 2191992, at *6 (Tenn. Ct. App. May 27, 2014) (collecting cases).

### III.

"Business proprietors are not insurers of their patrons' safety, but "they are required to use due care under all the circumstances." Blair, 130 S.W.3 at 746. Whether Walmart failed in that duty and whether Catherine was injured as a result of that failure are questions only a jury can decide. Accordingly, Walmart's Motion for Summary Judgment (Doc. No. 26) is **DENIED.**

The final pretrial conference will be held at 9:00 a.m. on May 7, 2021, and the jury trial will commence at 9:00 a.m. on May 25, 2021 in Cookeville, Tennessee, both as previously scheduled. Prior to May 7, 2021, the parties shall mediate this case and shall file a report on the mediation.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7